IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| DARCY AGUIRRE,<br><br>   Plaintiff,<br><br> vs.<br><br>ANDREW SAUL, Acting Commissioner of Social Security,<br><br>   Defendant. | 8:20CV246<br><br>**MEMORANDUM AND ORDER** |

  This matter is before the Court on Plaintiff's motion for attorney fees based on the amount of past-due benefits awarded to her under 42 U.S.C § 406(b). Filing No. 31. The Acting Social Security Commissioner ("Commissioner") does not object to Plaintiff's motion for attorney's fees. Filing No. 32.

  The Social Security Act authorizes a federal district court to award attorney fees for representation before the court under 42 U.S.C. § 406(b). Congress enacted § 406(b) to "protect claimants against inordinately large fees and also to ensure that attorneys representing successful claimants would not risk nonpayment of [appropriate] fees." *Gisbrecht v. Barnhart*, 535 U.S. 789, 805 (2002) (internal quotation marks omitted). Fees under § 406(b) satisfy a client's obligation to counsel and, therefore, attorney fees are withheld by the Commissioner and paid directly to the attorney out of past-due benefits awarded. 42 U.S.C. § 406(b); 20 C.F.R. § 404.1720(b)(4) (2011).

  "[Section] 406(b) does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court." *Gisbrecht*, 535 U.S. at 807. However, a contingency-fee agreement

1

that provides for fees in excess of the boundary imposed by Congress, twenty-five percent of past-due benefits, is *per se* unreasonable. See id.; 42 U.S.C. § 406(b)(1)(A); see also Culbertson v. Berryhill, 139 S. Ct. 517, 523 (2019) (holding that the twenty-five percent cap in § 406(b)(1)(A) (for representation before the agency) applies only to fees for court representation, and not to the aggregate fees awarded under §§ 406(a) (for and (b)). If the contingency-fee agreement is at or below the twenty-five percent boundary, the attorney for the successful claimant must establish that the fee sought is reasonable in proportion to the services rendered. Gisbrecht, 535 U.S. at 807.

District courts are responsible for conducting an "independent check" to ensure the fee award is reasonable. Id. Although the district court may consider the hourly rate in determining the reasonableness of a fee award, the court must first consider the fee agreement, testing it for reasonableness; then reduce the fees based on the character of the representation and results achieved, whether counsel was responsible for delay, and whether the benefits achieved were large in comparison to the time expended by counsel. Id. at 807-08; see Jones v. Berryhill, 699 F. App'x 587, 588 (8th Cir. 2017). A court should determine whether a downward adjustment of an attorney's recovery is appropriate based on the character of the representation and the results the attorney achieved. Id. at 808.

To avoid a windfall to a successful claimant's attorney, the court should make a downward adjustment if the award of benefits is large in comparison to the amount of time counsel spent on the case. Id.; Rodriquez v. Bowen, 865 F.2d 739, 747 (6th Cir. 1989) ("Where a case has been submitted on boilerplate pleadings, in which no issues of material fact are present and where no legal research is apparent, the benchmark twenty-five percent of awards fee would obviously be inappropriate"). Courts may also reduce

an award in situations "occasioned by improper conduct or ineffectiveness of counsel," such as where an attorney delays a case to increase the attorney's share of "past-due" benefits. *Rodriquez*, 865 F.2d at 746; *Gisbrecht*, 535 U.S. at 808.

The Court has conducted an independent review of the fee arrangement and finds the fee requested under § 406(b) satisfies the statutory requirement of yielding a "reasonable" result. Plaintiff entered into a fee agreement, providing for a 25 percent contingency fee of back benefits for federal court representation, provided she was awarded fees under the EAJA. Filing No. 31-1. This agreement was freely negotiated and an expression of Plaintiffs willingness to enter into such an agreement.

The requested fee of $18,051.50 under § 406(b), less the $6,000 for work performed before the Social Security Administration under § 406(a), or $12,051.50, does not represent an unreasonable fee award based upon the agreement between the parties. There is no indication that the fee is large in comparison to the time expended by counsel.

Accordingly, the Court will award payment of $12,051.50 to Plaintiff under § 406(b) ($18,051.50 (25 percent of past due benefits) - $6,000 (amount sought in fees under 42 U.S.C. § 406(a)) in attorney's fees under 42 U.S.C. §406(b)), subject to deductions, if any. On January 19, 2022, the Court awarded Plaintiff $3,802.52 in EAJA fees. Counsel will reimburse to Ms. Aguirre EAJA award in the amount of $3,802.52, to the extent it is not offset under *Astrue v. Ratliff*, 544 F. Supp. 2d 881 (D. Neb. 2008) for a qualifying government debt.

THEREFORE, IT IS ORDERED that Plaintiff's motion for attorney fees under 42 U.S.C. § 406(b) (Filing No. 31) is granted as set forth herein. Payment will be sent to

3

Attorney Cuddigan, who can reimburse Ms. Aguirre the EAJA award and then disburse to Mr. Kappelman his portion of the award.

Dated this 28th day of June, 2022.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge
